

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILFORED GHOLSON and KATRINA REESE, | )<br>)<br>) |
| Plaintiff, | ) Case No. 07 C 3694 |
| v. | ) Judge Mark Filip<br>)<br>) Magistrate Judge |
| OFFICER MARK LEWIS, OFFICER FRANK NOWASKI, OFFICER DAVID DEMIK, VILLAGE OF RIVERDALE, and UNKNOWN POLICE OFFICERS | ) Arlander Keys<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Wilfored Gholson, one of the plaintiffs in this case, first filed a complaint against the defendants (Officer Mark Lewis, Officer Frank Nowaski, Officer David Demik, Village of Riverdale, and Unknown Police Officers) on November 29, 2006, in the Circuit Court of Cook County, Illinois. The defendants subsequently removed the case to the Northern District of Illinois (Case No. 06 C 6682), and it was assigned to Judge Samuel Der-Yeghiayan. Mr. Gholson then amended his complaint to add Katrina Reese as a plaintiff. On May 23, 2007, the case was involuntarily dismissed, without prejudice, for want of prosecution, pursuant to Northern District of Illinois Local Rule 41.1. The plaintiff's motion to vacate the court's ruling was denied. In response, the plaintiffs re-filed their action in the Circuit Court of Cook County, Illinois, naming only Officer Mark Lewis,

Village of Riverdale, and Unknown Police Officers as defendants. The case was once again removed to the Northern District of Illinois and is before Judge Mark Filip. Currently before this Court is Defendants' Amended Motion for Award of Costs and Stay of Proceedings, pursuant to 41(d) of the Federal Rules of Civil Procedure.

## **DISCUSSION**

The substance of the defendants' motion is governed by Rule 41(d) of the Federal Rules of Civil Procedure. Rule 41(d) itself reads,

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.

In other words, the court must determine whether the plaintiff's newly filed claim, is based upon or includes a previously dismissed claim against the defendant, and if so, the court may issue costs related to that claim. If the court does grant the defendant's motion for costs, the court may also stay the new proceeding until the plaintiff complies with the order awarding costs.

This rule was designed to prevent oppressive and vexatious litigation. *Clemens v. Central R. Co. Of New Jersey*, 264 F.Supp. 551, 563 (D.C.Pa. 1967). Furthermore, the staying of suits pending the payment of costs incurred in prior actions, involving

2

the same or similar subject matter and the same parties, is now universal. *World Athletic Sports Corp. v. Pahlavi*, 267 F.Supp. 160, 163 (S.D.N.Y. 1966); *See also Hilgeford v. Peoples Bank, Portland, Indiana, et al.*, 110 F.R.D. 700, 701 (N.D.Ind. 1986). Consequently, "[t]he fact that Rule 41(d) deals only with the situation where plaintiff's prior dismissal was voluntary does not preclude the court, in the exercise of sound discretion, from staying plaintiff's action pending payment of costs in a prior action where the dismissal was involuntary." *Pahlavi*, 267 F.Supp. at 163. *See also Hilgeford*, 110 F.R.D. at 702. However, issuances of stays are not automatic, rather they are permissive in nature. *Clemens*, 264 F.Supp. at 563.

In the Plaintiffs' Response to Defendants' Amended Motion for Award of Costs and Stay of Proceedings, they make two arguments. First the plaintiffs argue that Rule 41(d) only applies to voluntary dismissals and; therefore, is inapplicable to this case. As explained above, Rule 41(d) has consistently been applied to involuntarily dismissed actions. *Pahlavi*, 267 F.Supp. at 163. *See also Hilgeford*, 110 F.R.D. at 702 ("Although one court has ruled that Rule 41(d) applies only when the previous case was voluntarily dismissed, *Duchardt v. Ewing*, 571 F.2d 869, 871 (5th Cir. 1978), the majority of courts hold that Rule 41(d) applies to cases involving involuntary dismissals ..."); *Zagel v. Public Finance Co.*, 79 F.R.D. 58, 59 (E.D.Mo. 1978) ("While [Rule 41(d)] generally applies to actions

3

voluntarily dismissed by the plaintiff, there is no bar to the rule being invoked where the dismissal is involuntary"). This authority would certainly justify applying Rule 41(d) to the present case.

This suit also clearly falls within the language of Rule 41(d). The plaintiffs submitted a prior complaint against the current defendants, which was subsequently involuntarily dismissed. That prior complaint and the one filed as a result of the prior's dismissal, is essentially the same claim. The new complaint alleges the same facts and asks the court for the same relief. In fact, the substantive paragraphs directed against the defendants in this case, are lifted almost verbatim from the plaintiffs' earlier claim, apart from the addition of an allegation of warrantless entry. This new complaint is also against the same defendants, absent only two previous defendants, Officer Frank Nowaski and Officer David Demik. Hence, it is clear that the complaint presently before the District Court is largely the same claim, against substantially the same defendants, as in the dismissed complaint. This Court must now decide whether the issuance of costs would be appropriate.

The plaintiffs' second argument is that the defendants' motion for costs is untimely. They argue that Federal Rule of Civil Procedure 54 mandates that costs shall be allowed to the prevailing party; and therefore, the defendants must wait until after a judgment and only if they prevail, to seek costs relating

4

to the prior suit. However, as the plaintiffs cite in their response to the defendants' motion, Rule 54(d), the section pertaining to costs, begins, "Except when express provision therefor is made either in a statute of the United States or *in these rules ....*" (emphasis added). Rule 41 governs the dismissal of actions and section (d) deals specifically with costs relating to dismissed actions. As explained above, Rule 41(d) applies to involuntarily dismissed actions; hence, Rule 41(d) overrides that which is written in Rule 54.

As a result, this Court finds that the issuance of costs would be appropriate here. The plaintiffs' prior suit was involuntarily dismissed for failing to prosecute their claim, after the plaintiffs failed to appear on a Court noticed status hearing. The plaintiffs' subsequent motion to vacate the dismissal order was denied and Judge Der-Yeghiayan noted that this was not the first time that the plaintiffs had failed to appear. The plaintiffs had previously failed to appear on April 12, 2007, on a Court noticed status hearing and was warned that such failure to appear in the future, may result in a dismissal order pursuant to Local Rule 41.1. In addition, after the first suit was removed from state court to federal court and dismissed, the plaintiffs once again filed essentially the same action in state court, only to have the defendants remove that case to federal court all over again. The plaintiffs demonstrated that

they did not take their suit seriously when they failed to appear on a Court noticed status hearings on two occasions, even *after* being warned by the court that their complaint may be dismissed for such action. Why then should the defendants bear the costs of defending a prior suit, that was dismissed due to the plaintiffs' lackadaisical attitude towards their own complaint? Hence, if the plaintiffs want to pursue this action, they must first pay any costs assessed against them.

The defendants specifically ask for the following: 1) Fee for Notice of Removal on December 4, 2006 for $350.00; 2) Fee for Notice of Removal on June 29, 2007 for $350.00; 3) Photocopies of various documents for $50.30; 4) Deposition transcript of Wilfored Gholson for $612.16; 5) Deposition transcript of Katrina Reese for $889.45; and 6) Deposition transcripts of Frank Nowaski, Mark Lewis, and David Demik for $390.40, for a total of $2642.31. The plaintiffs note that the defendants are likely to use the depositions of Wilfored Gholson, Katrina Reese, Frank Nowaski, Mark Lewis, and David Demik throughout the remaining litigation of this case. The Court agrees with the plaintiff, as the defendants, if they prevail, can always seek to recoup these costs after a judgment is entered. The Court also denies costs pertaining to the June 29, 2007 removal, as this pertains to the current suit. As mandated by Rule 41(d), only costs relating to the action previously dismissed shall be awarded. The Court will

award the defendants the fee for the December 4, 2006 removal and the costs they incurred for photocopies. Therefore, this Court awards the defendants a total of $400.30.

In a status hearing today, October 26, 2007, before this Court, the plaintiffs' counsel stated that he would pay the Court's order of $400.30 today. Therefore, the defendants' motion to stay proceedings is denied.

## **CONCLUSION**

For the reason set forth above, IT IS HEREBY ORDERED that the defendants' motion for an award of costs be, and the same hereby is, granted. The defendants' motion to stay proceedings is denied based upon the plaintiffs' counsel's representation in court that he would pay the Court's ordered costs today.

DATE: October 26, 2007          E N T E R E D:


*Arlander Keys*
MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT