# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILFORED GHOLSON and KATRINA REESE | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07 C 3694 ) ) |
| OFFICER MARK LEWIS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff Wilfored Gholson ("Gholson") initially filed an action against Defendant Village of Riverdale ("Riverdale") and individual officers in the Circuit Court of Cook County, Illinois, alleging violations of state law, violations of his rights under the Fourth and Fourteenth Amendments, and asking for damages pursuant to 42 U.S.C. § 1983 ("Section 1983"). Defendants in that case removed the action to this court in case number 06 C 6682 ("2006 Case"). On April 12, 2007, no

1

one appeared on behalf of Gholson for a status hearing and the court continued the status hearing, warning that failure to appear at the status hearing could result in dismissal for want of prosecution. On April 25, 2007, Gholson filed an amended complaint adding Plaintiff Katrina Reese ("Reese") as a plaintiff in that action. On May 23, 2007, no one appeared on behalf of Gholson and Reese and the court entered a minute order stating: "[t]his matter is hereby dismissed, without prejudice, for want of prosecution pursuant to Local Rule 41.1." (OR 5/23/07 - 06 C 6682). On May 31, 2007, this court denied Gholson's and Reese's motion to vacate the dismissal.

On May 31, 2007, the same day that this court denied Gholson's and Reese's motion to vacate the dismissal of the 2006 Case, Gholson and Reese filed the instant action in the Circuit Court of Cook County, Illinois, stating in their complaint that the action is a re-filing of the 2006 Case that this court dismissed for lack of prosecution. The instant action is nearly identical to the 2006 Case. Plaintiffs allege that on April 23, 2006, Defendant Officers unlawfully entered Plaintiffs' apartment and falsely arrested Gholson, using excessive force. Defendants once again removed the action to federal court and the case was assigned to another judge in this district.

On June 29, 2007, Defendants filed a motion to dismiss the instant action, arguing that this action is an improper refiling of a previously dismissed case and that Plaintiffs' claims are time-barred. On March 6, 2008, the instant action was assigned to another judge in this district. On March 13, 2008, the instant action was reassigned to the undersigned judge.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*,

286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

There are two issues posed in the instant motion to dismiss. The first is whether the instant action constitutes a refiling of a case that has already been adjudicated on the merits and is therefore barred under principles of *res judicata*. The second issue is whether any or all of Plaintiffs' claims are barred under the applicable statute of limitations.

I. *Res Judicata* Issue

The doctrine of *res judicata*, also known as "claim preclusion," bars parties from relitigating issues that should have been raised in a prior action when there has

been a final judgment on the merits in that action. *Highway J Citizens Group v. United States Dept. Of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Since the parties do not dispute that the instant action constitutes the refiling of the 2006 Case, the material issue is whether the 2006 Case is considered to have been adjudicated on the merits.

The 2006 Case was dismissed by this court for lack of prosecution. Pursuant to Local Rule 41.1, "[a]n order of dismissal for want of prosecution . . . may be entered if counsel fails to respond to a call of the case set by the court." N.D. Ill. L.R. 41.1. Federal Rule of Civil Procedure 41(b)("Rule 41(b)") states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as a dismissal on the merits." Fed. R. Civ. P. 41(b). This court's order dissmissing the 2006 Case stated "[t]his matter is hereby dismissed, without prejudice, for want of prosecution pursuant to Local Rule 41.1." (OR 5/23/07 - 06 C 6682).

Defendants argue that since the 2006 Case was dismissed for lack of prosecution, it was a dismissal on the merits pursuant to Rule 41(b). Defendants further argue that since the 2006 Case was adjudicated on the merits and the instant action constitutes a refiling of that case, then this action is barred under the principles of *res judicata.* Plaintiffs argue that since the court's dismissal stated that it was "without prejudice" the court specifically stated that the action was not adjudicated on the merits and that a new filing of the action would be permitted.

5

It is well established in the federal courts that an action dismissed "without prejudice," is an action that may be refiled again in the same court, subject to other substantive and procedural bars such as the statute of limitations. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001)(stating that "'an adjudication upon the merits' in Rule 41(b) is the opposite of a dismissal without prejudice–that is, it is a dismissal upon the merits"). In this court's order dismissing the 2006 Case, we specifically stated that the action was dismissed "without prejudice" and therefore the action was not adjudicated on the merits. Rule 41(b) provides that a dismissal is on the merits "*unless the court in its order for dismissal otherwise specifies*." Fed. R. Civ. P. 41(b)(emphasis added). This court did specify as such and therefore the 2006 Case was not adjudicated on the merits. Since the 2006 case was never adjudicated on the merits, the doctrine of *res judicata* does not apply.

II. Statute of Limitations

The parties also dispute whether any or all of Plaintiffs' claims are barred by the statute of limitations. Plaintiffs allege that the unlawful conduct of the Defendants commenced on April 23, 2006. The 2006 Case was filed on November 29, 2006. The parties do not dispute that the 2006 Case was filed well within any applicable statute of limitations period. However, after the 2006 Case was dismissed, the Plaintiffs filed the instant action on May 31, 2007, in state court, more than one year but less than two years after the alleged unlawful acts commenced.

The parties now dispute whether the applicable statute of limitations on each of Plaintiffs' claims is one or two years and whether the statute of limitations could be extended, pursuant to Illinois state law. Finally, the parties dispute whether the statute of limitations has run for all claims against Defendant Officer Frank Nowaski ("Nowaski") and Defendant Officer David Demik ("Demik"), both of whom were not parties in the 2006 Case.

### A. Applicable Statute of Limitations for Plaintiffs' Claims

Plaintiffs assert a false arrest claim and excessive force claim under Section 1983 on behalf of Gholson ("Section 1983 Claims")(Count I), false arrest and malicious prosecution claims brought under state law on behalf of Gholson ("False Arrest Claims")(Count II), a warrantees entry claim brought under state law on behalf of both Plaintiffs ("Warrantees Entry Claim")(Count III), and a *Monell* claim brought by Gholson against the Village of Riverdale (Count IV). In the instant action, Plaintiffs added two defendants, Nowaski and Demik, who were not named defendants in the 2006 Case.

The statute of limitations period for both Plaintiffs' Section 1983 Claims and state law claims are governed under Illinois state law. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Hardin v. Straub*, 490 U.S. 536, 538 (1989)(stating that "[b]ecause no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law"). There are

two provisions of Illinois state law relating to the statute of limitations that are applicable to Plaintiffs' claims. First, in Illinois, the statute of limitations for personal injury torts is two years. 735 ILCS 5/12-202. Second, however, under the Illinois Tort Immunity Act, 745 ILCS 10/8-101, "civil actions" commenced against local entities or employees of a local entity "must be commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). Under the Illinois Tort Immunity Act, "civil actions" include actions based upon common law, Illinois statutes, or the Illinois Constitution. 745 ILCS 10/8-101(c). Therefore, the issue is whether the Illinois Tort Immunity Act applies to each of Plaintiffs' claims.

1. State Law False Arrest and Warrantless Entry Claims

Counts II and III of Plaintiffs' complaint are brought pursuant to Illinois state law. These actions clearly fall within the scope of the Illinois Tort Immunity Act, statute of limitations provision. The claims are brought under Illinois state law for injuries allegedly sustained at the hands of both local entities and the employees of local entities. Therefore, the appropriate statute of limitations for Plaintiffs' state law claims is one year. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)(stating that the state law claims adjoining a Section 1983 action brought against a governmental entity were appropriately limited to a one-year statute of limitations pursuant to 735 ILCS 10/8-101(a)).

2. Section 1983 Claims and *Monell* Claims

Counts I and IV allege federal Section 1983 Claims and a *Monell* claim against Riverdale. Unlike Plaintiffs' state law claims, these claims are brought under federal law, even though state law applies relating to statute of limitations. The Seventh Circuit has held that Section 1983 claims are not subject to the one-year statute of limitations, pursuant to the Illinois Tort Immunity Act, even when there are adjoining state law claims that are subject to the Illinois Tort Immunity Act. *Williams*, 399 F.3d at 870; *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Therefore, the applicable statute of limitations for Plaintiffs' Section 1983 Claims and *Monell* claim is two years.

B. Illinois Savings Statute

Since a two-year statute of limitations applies to Plaintiffs' Section 1983 Claims and *Monell* claim, those claims were timely filed both in the 2006 Case (less than one year after the cause of action accrued) and in the instant action (less than two years after the cause of action accrued). However, since a one-year statute of limitations applies to Plaintiffs' state law claims, Defendants argue that those claims should be time-barred, due to the fact that the instant action was filed more than one year after the cause of action accrued. Plaintiffs argue that the instant action was filed in state court and that the refiling of their state law claims was permitted under 735 ILCS 5/13-217 ("Illinois savings statute"). The Illinois savings statute allows a

9

plaintiff to refile certain actions within one year of judgment regardless of whether the statute of limitations has expired. *Id.* Actions covered under the Illinois savings statute include instances where:

> judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue. . . ."

*Id.* The Illinois savings statute also states that "[n]o action which is voluntarily dismissed by the plaintiff or dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired." *Id.* The parties dispute whether the Illinois savings statute allows Plaintiffs in the instant action to refile their previously-dismissed state law claims.

In briefing this motion to dismiss, both parties cite to inapplicable case law in support of their respective positions. Defendants rely on a decision from the United States District Court for the Central District of Illinois, finding that the Illinois savings statute could not apply to an action with federal question jurisdiction which was voluntarily dismissed, and refiled directly in federal court. *Beck v. Caterpillar, Inc.*, 855 F. Supp. 260, 264-65 (C.D. Ill. 1994). This decision is inapplicable to the instant action. The issue in that case was whether the Illinois savings statute could be used to toll the statute of limitations on a federal claim refiled in federal court. *Id.* The court found that since there was federal question jurisdiction, federal procedural

law would apply and the Illinois savings statute was inapplicable. *Id.* However, since we have already found that the federal claims are timely in the instant action, the sole remaining issue is whether the Illinois savings statute would apply to state claims filed originally in state court. Thus, the decision in the case cited by Defendants is not persuasive.

Plaintiffs likewise rely on case-law that is inapplicable with respect to the instant action. Plaintiffs rely on an Illinois Appellate Court decision from 1983, in which the state court found that a federal court's dismissal for want of prosecution was equivalent to a state court dismissal for want of prosecution and that the provisions of the limitations statute (applicable at the time) allowed actions to be filed within one year of a dismissal for want of prosecution. *Olson v. Dwinn-Shaffer and Co.*, 449 N.E. 2d 882, 885-86 (Ill. App. 1983). The case cited by Plaintiffs is not applicable to the instant action since the applicable limitations statute at the time of that case contained a provision explicitly including cases refiled after a dismissal for want of prosecution in the tolling provision that allowed plaintiffs to refile within one year, regardless of other statute of limitations provisions. Such language no longer exists in the Illinois savings statute. 735 ILCS 5/13-217.

The cases cited by both parties do not contradict the incontrovertible fact that the instant action is expressly excluded from the province of the Illinois savings statute. The instant action involves state law claims that were previously dismissed by a federal court for lack of prosecution. The Illinois savings statute states, in

relevant part, that "[n]o action which is . . . dismissed for want of prosecution by the court may be filed where the time for commencing the action has expired." *Id.* Actions such as the instant action are expressly excluded from the Illinois savings statute. Under Illinois law, when an action is dismissed for lack of prosecution, that action must be filed within the applicable statute of limitations. *Id.* We note that the Illinois savings statute previously allowed cases voluntarily dismissed and dismissed for want of prosecution to be covered in the one-year tolling period. However, the Illinois savings statute was amended in 1995 to expressly exclude actions that were voluntary dismissed and actions that were dismissed for want of prosecution from the tolling provision. Since this action was filed well after the 1995 amendment, the current Illinois saving statute applies. In this case, the statute of limitations for Plaintiffs' state law claims was one year. Plaintiffs filed the instant action more than one year after the cause of action accrued. Therefore, all of Plaintiffs' state law claims are barred by the statute of limitations.

### C. Claims Against Nowaski and Demik

Defendants argue that the Illinois savings statute cannot apply to the claims against Nowaski and Demik, since they were not named in the 2006 Case. However, we have already found that even if they were parties to the 2006 Case, the Illinois savings statute would not apply to Plaintiffs' claims. Thus, the statute of limitations for the state law claims against Nowaski and Demik is one year and the statute of

limitations for the federal claims against Nowaski and Demik is two years.  Thus, Plaintiffs' state law claims against Nowaski and Demik are barred by the statute of limitations and Plaintiffs' federal claims against Nowaski and Demik are timely.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss all of Plaintiffs' state law claims against all Defendants (Counts II and III).  We also deny Defendants' motion to dismiss Plaintiffs' Section 1983 Claims and *Monell* claim (Counts I and IV).

_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated:   March 26, 2008