# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WILFORED GHOLSON and KATRINA REESE ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 07 C 3694 |
| ) | |
| OFFICER MARK LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we deny the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Wilfored Gholson ("Gholson") initially filed an action against Defendant Village of Riverdale ("Riverdale") and individual officers in the Circuit Court of Cook County, Illinois, alleging violations of state law, violations of his rights under the Fourth and Fourteenth Amendments, and asking for damages pursuant to 42 U.S.C. § 1983 ("Section 1983"). Defendants in that case removed the action to this court in case number 06 C 6682 ("2006 Case"). On April 12, 2007, no

1

one appeared on behalf of Gholson for a status hearing and the court continued the status hearing, warning that failure to appear at the status hearing could result in dismissal for want of prosecution. On April 25, 2007, Gholson filed an amended complaint adding Plaintiff Katrina Reese ("Reese") as a plaintiff in that action. On May 23, 2007, no one appeared on behalf of Gholson and Reese and the court entered a minute order stating: "[t]his matter is hereby dismissed, without prejudice, for want of prosecution pursuant to Local Rule 41.1." (OR 5/23/07 - 06 C 6682). On May 31, 2007, this court denied Gholson's and Reese's motion to vacate the dismissal.

On May 31, 2007, the same day that this court denied Gholson's and Reese's motion to vacate the dismissal of the 2006 Case, Gholson and Reese filed the instant action in the Circuit Court of Cook County, Illinois, stating in their complaint that the action is a re-filing of the 2006 Case that this court dismissed for lack of prosecution. The instant action is nearly identical to the 2006 Case. Plaintiffs allege that on April 23, 2006, Defendant Officers unlawfully entered Plaintiffs' apartment and falsely arrested Gholson, using excessive force. Defendants once again removed the action to federal court and the case was assigned to another judge in this district.

On June 29, 2007, Defendants filed a motion to dismiss the instant action, arguing that this action is an improper refiling of a previously dismissed case and that Plaintiffs' claims are time-barred. On March 6, 2008, the instant action was assigned to another judge in this district. On March 13, 2008, the instant action was reassigned to the undersigned judge.

# LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*,

286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

There are two issues posed in the instant motion to dismiss. The first is whether the instant action constitutes a refiling of a case that has already been adjudicated on the merits and is therefore barred under principles of *res judicata*. The second issue is whether any or all of Plaintiffs' claims are barred under the applicable statute of limitations.

## I. *Res Judicata* Issue

The doctrine of *res judicata*, also known as "claim preclusion," bars parties from relitigating issues that should have been raised in a prior action when there has

been a final judgment on the merits in that action. *Highway J Citizens Group v. United States Dept. Of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006); *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Since the parties do not dispute that the instant action constitutes the refiling of the 2006 Case, the material issue is whether the 2006 Case is considered to have been adjudicated on the merits.

The 2006 Case was dismissed by this court for lack of prosecution. Pursuant to Local Rule 41.1, "[a]n order of dismissal for want of prosecution . . . may be entered if counsel fails to respond to a call of the case set by the court." N.D. Ill. L.R. 41.1. Federal Rule of Civil Procedure 41(b)("Rule 41(b)") states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as a dismissal on the merits." Fed. R. Civ. P. 41(b). This court's order dismissing the 2006 Case stated "[t]his matter is hereby dismissed, without prejudice, for want of prosecution pursuant to Local Rule 41.1." (OR 5/23/07 - 06 C 6682).

Defendants argue that since the 2006 Case was dismissed for lack of prosecution, it was a dismissal on the merits pursuant to Rule 41(b). Defendants further argue that since the 2006 Case was adjudicated on the merits and the instant action constitutes a refiling of that case, then this action is barred under the principles of *res judicata.* Plaintiffs argue that since the court's dismissal stated that it was "without prejudice" the court specifically stated that the action was not adjudicated on the merits and that a new filing of the action would be permitted.

It is well established in the federal courts that an action dismissed "without prejudice," is an action that may be refiled again in the same court, subject to other substantive and procedural bars such as the statute of limitations. *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 498 (2001)(stating that "'an adjudication upon the merits' in Rule 41(b) is the opposite of a dismissal without prejudice–that is, it is a dismissal upon the merits"). In this court's order dismissing the 2006 Case, we specifically stated that the action was dismissed "without prejudice" and therefore the action was not adjudicated on the merits. Rule 41(b) provides that a dismissal is on the merits "*unless the court in its order for dismissal otherwise specifies*." Fed. R. Civ. P. 41(b)(emphasis added). This court did specify as such and therefore the 2006 Case was not adjudicated on the merits. Since the 2006 case was never adjudicated on the merits, the doctrine of *res judicata* does not apply.

## II. Statute of Limitations

The parties also dispute whether any or all of Plaintiffs' claims are barred by the statute of limitations. Plaintiffs allege that the unlawful conduct of the Defendants commenced on April 23, 2006. The 2006 Case was filed on November 29, 2006. The parties do not dispute that the 2006 Case was filed well within any applicable statute of limitations period. However, after the 2006 Case was dismissed, the Plaintiffs filed the instant action on May 31, 2007, in state court, more than one year but less than two years after the alleged unlawful acts commenced.

The parties now dispute whether the applicable statute of limitations on each of Plaintiffs' claims is one or two years and whether the statute of limitations could be extended, pursuant to Illinois state law. Finally, the parties dispute whether the statute of limitations has run for all claims against Defendant Officer Frank Nowaski ("Nowaski") and Defendant Officer David Demik ("Demik"), both of whom were not parties in the 2006 Case.

### A. Applicable Statute of Limitations for Plaintiffs' Claims

Plaintiffs assert a false arrest claim and excessive force claim under Section 1983 on behalf of Gholson ("Section 1983 Claims")(Count I), false arrest and malicious prosecution claims brought under state law on behalf of Gholson ("False Arrest Claims")(Count II), a warrantees entry claim brought under state law on behalf of both Plaintiffs ("Warrantees Entry Claim")(Count III), and a *Monell* claim brought by Gholson against the Village of Riverdale (Count IV). In the instant action, Plaintiffs added two defendants, Nowaski and Demik, who were not named defendants in the 2006 Case.

The statute of limitations period for both Plaintiffs' Section 1983 Claims and state law claims are governed under Illinois state law. *Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007); *Hardin v. Straub*, 490 U.S. 536, 538 (1989)(stating that "[b]ecause no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law"). There are

two provisions of Illinois state law relating to the statute of limitations that are applicable to Plaintiffs' claims. First, in Illinois, the statute of limitations for personal injury torts is two years. 735 ILCS 5/12-202. Second, however, under the Illinois Tort Immunity Act, 745 ILCS 10/8-101, "civil actions" commenced against local entities or employees of a local entity "must be commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILCS 10/8-101(a). Under the Illinois Tort Immunity Act, "civil actions" include actions based upon common law, Illinois statutes, or the Illinois Constitution. 745 ILCS 10/8-101(c). Therefore, the issue is whether the Illinois Tort Immunity Act applies to each of Plaintiffs' claims.

### 1. State Law False Arrest and Warrantless Entry Claims

Counts II and III of Plaintiffs' complaint are brought pursuant to Illinois state law. These actions clearly fall within the scope of the Illinois Tort Immunity Act, statute of limitations provision. The claims are brought under Illinois state law for injuries allegedly sustained at the hands of both local entities and the employees of local entities. Therefore, the appropriate statute of limitations for Plaintiffs' state law claims is one year. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005)(stating that the state law claims adjoining a Section 1983 action brought against a governmental entity were appropriately limited to a one-year statute of limitations pursuant to 735 ILCS 10/8-101(a)).

## 2. Section 1983 Claims and *Monell* Claims

Counts I and IV allege federal Section 1983 Claims and a *Monell* claim against Riverdale. Unlike Plaintiffs' state law claims, these claims are brought under federal law, even though state law applies relating to statute of limitations. The Seventh Circuit has held that Section 1983 claims are not subject to the one-year statute of limitations, pursuant to the Illinois Tort Immunity Act, even when there are adjoining state law claims that are subject to the Illinois Tort Immunity Act. *Williams*, 399 F.3d at 870; *Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). Therefore, the applicable statute of limitations for Plaintiffs' Section 1983 Claims and *Monell* claim is two years.

## B. Illinois Savings Statute

Since a two-year statute of limitations applies to Plaintiffs' Section 1983 Claims and *Monell* claim, those claims were timely filed both in the 2006 Case (less than one year after the cause of action accrued) and in the instant action (less than two years after the cause of action accrued). However, since a one-year statute of limitations applies to Plaintiffs' state law claims, Defendants argue that those claims should be time-barred, due to the fact that the instant action was filed more than one year after the cause of action accrued. Plaintiffs argue that the instant action was filed in state court and that the refiling of their state law claims was permitted under 735 ILCS 5/13-217 ("Illinois Savings Statute"). We agree.

The Illinois Savings Statute currently in effect allows a plaintiff to commence a new action within one year of a dismissal for want of prosecution or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217 (pre-1995 version); *see Best v. Taylor Mach. Works*, 689 N.E.2d 1057, 1104-06 (1997)(finding Public Act 89-7, which amended the Illinois Savings Statute to exclude dismissals for want of prosecution, to be unconstitutional); *see also Caterpillar v. Usinor Industeel*, 393 F. Supp. 2d 659, 685 (N.D. Ill. 2005)(applying the pre-1995 version of the Illinois Savings Statute). We dismissed Plaintiffs' 2006 Case for want of prosecution on May 23, 2007, and Plaintiffs re-filed their action on May 31, 2007. Thus, all of Plaintiffs' claims were filed within the one-year period afforded by Illinois Savings Statute currently in effect. Therefore, Plaintiffs' state law claims, along with their federal claims are timely.

C. Claims Against Nowaski and Demik

In Defendants' motion to dismiss, the only statute of limitations argument was raised with respect to Plaintiffs' Section 1983 claims against Riverdale. However, as stated above, all of Plaintiffs' Section 1983 claims are timely both under the two-year statute of limitations and pursuant to the Illinois Savings Statute. Only in their reply brief do Defendants raise the issue of whether Plaintiffs' claims against Officer Nowaski and Officer Demik should be barred by the statute of limitations. (Reply 4). As an initial matter, we cannot consider arguments that are first raised in a reply

brief and those arguments are waived. *Aliwoli v.* Gilmore, 127 F.3d 632, 634-35 (7th Cir. 1997). We also note that, with respect to Plaintiffs' Section 1983 claims, there is a two-year statute of limitations period and Plaintiffs' action is timely filed within two years of the time that the cause of action accrued, even with respect to Officer Nowaski and Officer Demik who were named for the first time in the instant action. Therefore, to the extent that Defendants' motion pursues dismissal of the claims against Officer Nowaski and Officer Demik in their individual capacity, that motion is denied.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to dismiss in its entirety.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 29, 2008