IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILFORED GHOLSON and KATRINA REESE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07 C 3694 ) ) |
| OFFICER MARK LEWIS, et al. | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' motion for reconsideration. This matter is also before the court on Defendants' bill of costs. For the reasons stated below, we deny the motion for reconsideration. We also grant in part and deny in part Defendants' bill of costs.

## BACKGROUND

Plaintiffs allege that on April 23, 2006, Plaintiff Wilfored Gholson ("Gholson") was inside of his apartment when police officers employed by Defendant Village of Riverdale ("Riverdale") gestured through his window for him

1

to come outside.  Plaintiffs claim that Gholson complied and that when he stepped outside he was immediately surrounded by several police officers including Defendant Officer Mark Lewis ("Officer Lewis").  Plaintiffs allege that the officers, including Officer Lewis, began to push Gholson back and forth.  According to Plaintiffs, Gholson responded by sitting down on the pavement to avoid further contact with the officers.  Plaintiffs allege that Plaintiff Katrina Reese ("Reese"), who resided in an apartment with Gholson, came out of the apartment building and the officers then instructed Reese and Gholson to return to their apartment, which they did.

Plaintiffs claim that a short time after Gholson and Reese returned to their apartment another officer knocked on the door and Reese answered the door. Plaintiffs allege that officers then entered the apartment, put handcuffs on Gholson, and placed him under arrest.  Plaintiffs claim that Gholson was taken to the police station, processed and detained before being released on bond.  Plaintiffs claim that Defendant Officer Frank Nowaski ("Officer Nowaski") drafted a complaint against Gholson falsely alleging that Gholson committed a battery against Officer Lewis. Plaintiffs claim that Gholson was prosecuted on the charge of battery and that the charge was resolved in Gholson's favor.

Plaintiffs initially brought an action in 2006 against Defendants, which was dismissed without prejudice for want of prosecution.  Plaintiffs then refiled the instant action in the Circuit Court of Cook County, Illinois.  Defendants then removed the instant action to federal court.  Gholson brings a claim alleging false

arrest and excessive force in violation of 42 U.S.C. § 1983 ("Section 1983") against Officer Lewis, Officer Nowaski, and Defendant Officer David Demik ("Officer Demik") (collectively referred to as "Defendant Officers") (Count I) and a claim alleging false arrest and malicious prosecution in violation of Illinois state law against the Defendant Officers (Count II). Gholson and Reese also bring a Section 1983 claim for warrantless entry into their apartment in violation of the Fourth Amendment against the Defendant Officers (Count III). Finally, Gholson brings a Section 1983 *Monell* claim against Riverdale (Count IV). On April 29, 2008, we denied Defendants' motion to dismiss. On November 19, 2008, we granted Defendants' motion for summary judgment on the federal claims. We also declined to exercise jurisdiction over Plaintiffs' pendant state claims. Plaintiffs now bring the instant motion for reconsideration and Defendants have filed a bill of costs.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits parties to file, within ten business days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 6. Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments or evidence "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, for a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law

or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).  The decision of whether to grant or deny a motion brought pursuant to Rule 59(e) "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") provides that the prevailing party shall be allowed to recover costs other than attorneys' fees unless a statute or other rule states otherwise or the court specifically disallows such costs. Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (setting forth costs that are generally recoverable).  The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "there is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005); *see also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997)(stating that "the presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined").  In addition to making sure that requested costs are recoverable, a district court must also ensure that the costs are reasonable. *See, e.g., Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

**DISCUSSION**

I. Motion for Reconsideration

In their motion for reconsideration, Plaintiffs argue that the court committed a manifest error of law in granting Defendants' motion for summary judgment on Plaintiffs' federal claims against Officer Lewis, Officer Noawski, and Riverdale since genuine issues of material fact remained with respect to Plaintiffs' claims. Plaintiffs have not moved for reconsideration with respect to any of the court's rulings on the claims against Officer Demik. In ruling on the motion for summary judgment, the court held the following: (1) that Officer Nowaski and Officer Demik were entitled to summary judment on Gholson's Section 1983 false arrest and excessive force claims in Count I since there were no facts in the record indicating that either Officer Nowaski or Officer Demik participated in Gholson's arrest or used excessive force against him, (2) that Officer Lewis was entitled to summary judment on Gholson's Section 1983 false arrest claim in Count I since the undisputed facts established that Officer Lewis had probable cause to believe that Gholson had committed the crime of battery and since Officer Lewis was entitled to qualified immunity as a matter of law, (3) that summary judgment was appropriate on Gholson's Section 1983 excessive force claim against Officer Lewis in Count I since the undisputed facts established that Officer Lewis was entitled to qualified immunity, (4) that all Defendants were entitled to summary judgment on Plaintiffs' Fourth Amendment claim since there was no evidence in the record indicating that

any of the Defendant Officers entered Plaintiffs' apartment without a warrant, and (5) that Riverdale was entitled to summary judgment on Gholson's *Monell* claim since Gholson had not shown any violation of a constitutional right and since there was no evidence in the record of a policy or custom condoning civil rights violations.

A. Claims Not Addressed By Plaintiffs

Although Plaintiffs broadly state in their motion for reconsideration that the court erred with respect to all of the federal claims against Officer Lewis, Officer Nowaski, and Riverdale, Plaintiffs have failed to mention or discuss several of the holdings of the court relating to those Defendants. First, Plaintiffs have devoted no argument in their motion to reconsider to the warrantless entry claims in Count III. Plaintiffs have not shown a manifest error of law and have not pointed to any new evidence that would warrant reconsideration of the court's granting of Defendants' motion for summary judgment on the warrantless entry claims in Count III.

Plaintiffs have likewise failed to address in their motion for reconsideration the court's ruling with respect to the Section 1983 false arrest and excessive force claims brought by Gholson against Officer Nowaski. Although Plaintiffs state in a conclusory fashion that "Officers Lewis and Nowaski caused [Gholson] to be falsely arrested and prosecuted," Plaintiffs' only statement with regard to Officer Nowaski refers to their allegation that Officer Nowaski drafted a false battery complaint. (Mot. Recon. 16). However, such an allegation relates to Gholson's malicious

6

prosecution claim and Plaintiffs have offered no argument with respect to Gholson's false arrest and excessive force claims brought against Officer Nowaski. The court declined to exercise supplemental jurisdiction over Gholson's claims for malicious prosecution, which were based on state law. Plaintiffs have not shown a manifest error of law and have not pointed to any new evidence that would warrant reconsideration of the court's finding of summary judgment for Officer Nowaski on Gholson's false arrest and excessive force claims.

### B. *Monell* Claim

In their motion for reconsideration, Plaintiffs argue in a conclusory fashion that the court erred in granting summary judgment for Riverdale on Gholson's *Monell* claim. Plaintiffs argue that there was a material dispute as to whether Riverdale condoned the behavior of the Defendant Officers by failing to investigate Gholson's complaint. At the summary judgment stage, Gholson's sole theory underlying his *Monell* claim was that Riverdale failed to investigate his written complaint, which Plaintiffs argued was evidence of a custom or policy condoning civil rights violations. However, as we noted in ruling on the motion for summary judgment, the record was entirely devoid of evidence that such a policy or custom was in place and, in fact, the undisputed evidence suggested that Riverdale did take steps to investigate Gholson's written complaint. As Gholson conceded, the Chief of Police for Riverdale contacted Gholson personally to discuss the complaint that he

filed and Gholson "was not inclined" to meet with the Chief of Police. (SAF Par. 39). In their motion for reconsideration, Plaintiffs have not shown a manifest error of law and have not pointed to any new evidence that would warrant reconsideration of the court's granting of Riverdale's motion for summary judgment on the *Monell* claim.

C. False Arrest and Excessive Force Claims Against Officer Lewis

In their motion for reconsideration, Plaintiffs' argue that the court erred in granting summary judgment for Officer Lewis on Gholson's Section 1983 false arrest and excessive force claims. Plaintiffs argue that there are genuine issues of material fact with respect to those claims which should have precluded summary judgment. The central issue before the court with respect to these claims was whether Officer Lewis reasonably believed that Gholson had inentionally made contact with him in an "'insulting or provoking nature' without legal justification." *Chelios v. Heavener*, 520 F.3d 678, 686 (7th Cir. 2008)(quoting in part 720 ILCS 5/12-3).

Plaintiffs place great weight on the fact that there are factual discrepencies in the deposition testimony of the five officers who were on the scene and the two Plaintiffs regarding the general events that occurred on the night in question. However, Defendants correctly point out that general discrepancies in deposition testimony of individuals deposed years after an event do not necessarily create a

8

genuine issue of material fact. *Henning v. O'Leary*, 477 F.3d 492, 496 (7th Cir. 2007)(stating that "minor inconsistentcies [in deposition testimony] are not unusual–indeed exact step by step recall of [an] incident by [multiple] officers would be unusual" and finding that a plaintiff must rely on more than such inconsistencies to raise a genuine issue of material fact). With regard to the issue of whether Officer Lewis reasonably believed that Gholson had committed a battery against him, Plaintiffs have failed to point to evidence that would raise a genuine issue of material fact at the summary judgment stage and have likewise failed to show that the court's ruling was a manifest error of law. *Id.* (stating that "'[t]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment'")(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

At the summary judgment stage, Defendants offered the testimony of Officer Lewis who stated that Gholson suddenly came towards him in what he perceived to be an aggressive manner and that Gholson made contact with his chest. (SF Par. 11, 14). As Plaintiffs concede, Officer Lewis' account was corroborated by two other officers on the scene. (Mot. Recon. 12-13). Plaintiffs, however, failed to offer evidence to rebut the testimony of Officer Lewis or to raise a genuine issue of material fact regarding Officer Lewis' belief. Plaintiffs argued on summary judgment that the evidence they presented supported the proposition that Gholson never made any contact at any point with Officer Lewis. Plaintiffs' support for such a proposition was the testimony of both Gholson and Reese that there was no contact

9

by Gholson with Officer Lewis when Gholson was reentering the apartment building subsequent to the time that Reese came outside of the building to see what was going on. (RSF Par. 11). However, the testimony presented by both parties is consistent about the fact that the contact by Gholson with Officer Lewis occured prior to the time that Reese came on the scene. (Mot. Recon. 14).

In regard to the contact incident, the testimony of Officer Lewis and Gholson was remarkably consistent with two minor and immaterial differences. First, while Officer Lewis testified that he perceived Gholson to be intentionally initiating contact with him, (SF Par. 11, 14), Gholson testified that he was in fact pushed from behind by an unknown person which resulted in the contact. (SAF Par. 27); (Gholson Dep. 101). Second, while Officer Lewis testified that he was, in fact, the officer with whom Gholson made the contact, (SF Par. 11), (a fact not directly refuted by any of the testimony or other evidence presented by the parties), Gholson testified that he does not know which officer he made contact with as a result of the alleged push. (SAF Par. 27); (Gholson Dep. 101).

The undisputed evidence indicates that Gholson did make contact with Officer Lewis during the incident. The mere fact that Gholson cannot identify which officer he made contact with during the incident is not enough to raise a genuine issue of material fact. *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1210 (7th Cir. 1993)(stating that "'[t]here is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party'"

and that "'[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted'")(quoting *Anderson*, 477 U.S. at 249-50).

The court has construed all facts in a light most favorable to Plaintiffs and has drawn all reasonable inferences in favor of Plaintiffs at the summary judgment stage. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). For example, Gholson testified that while he did make contact with certain officers, such contact was not intentional and was, rather, the result of him being pushed from behind. (SAF Par. 27); (Gholson Dep. 101). In the ruling on summary judgment, the court construed such facts in a light most favorable to Plaintiffs. (Mem. Op. 11/19/08 9). However, as we noted in our ruling on summary judgment, Gholson's subjective intentions for making contact with Officer Lewis (or lack thereof) were not relevant to the pertinent issue of whether Officer Lewis reasonably believed that Gholson intentionally struck him. Probable cause is a practical analysis and the "'arresting officer's subjective knowledge of the facts sufficient to constitute probable cause is central to the evaluation of the propriety of an arrest. . . .'" *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 426 (2000)(quoting *Richardson v. Bonds*, 860 F.2d 1427, 1430-31 (7th Cir. 1988)(emphasis omitted)). Officer Lewis testified that he was only an arm's length away from Gholson while Gholson was being patted down and that, from his perspective, Gholson suddenly came towards him, bumping him in the chest. (Lewis Dep. 34). Not only have Plaintiffs failed to point to evidence that would call into question Officer Lewis' contention that he had a

reasonable belief that Gholson intentionally struck him, but Gholson's own testimony actually corroborates Officer Lewis' account. Gholson testified that after he was pushed from behind, the officer that he was pushed into responded by reflexively pushing Gholson off of him into another officer and shouting "get the [expletive] off me." (SAF Par. 28); (Gholson Dep. 103-04). Such testimony lends further support to Officer Lewis' sworn testimony indicating that he truly believed Gholson made contact with him intentionally.

The undisputed evidence on summary judgment indicated that Officer Lewis reasonably believed that Gholson made contact with him in an "'insulting or provoking nature' without legal justification," *Chelios*, 520 F.3d at 686 (quoting in part 720 ILCS 5/12-3), and, as such, had probable cause to believe that Gholson had committed a crime. A showing of probable cause is "an absolute defense" to a Section 1983 false arrest claim. *Chelios*, 520 F.3d at 685. Furthermore, since Officer Lewis' conduct did "not violate a *clearly established* statutory or constitutional right that a reasonable person would know about," he was also entitled to qualified immunity of Gholson's Section 1983 false arrest claim. *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006)(emphasis in original). Finally, since the undisputed evidence in the record indicated that the only physical contact between Gholson and Officer Lewis occurred when Gholson made contact with Officer Lewis' chest and Officer Lewis reflexively pushed Gholson, Officer Lewis

was also entitled to summary judgment on Gholson's Section 1983 excessive force claims.

Plaintiffs have not pointed to any "manifest error of law or fact," nor have they presented any newly discovered evidence that would warrant reconsideration of this court's ruling on summary judgment. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp.*, 781 F.2d at 1268). Instead, Plaintiffs merely rehash the exact same arguments they presented at the summary judgment stage and their motion fails for that reason. *See Moro*, 91 F.3d at 876 (indicating that Rule 59(e) motions do not give a party the opportunity to rehash old arguments). Even after construing the evidence in a light most favorable to the Plaintiffs, no reasonable trier of fact could have found for the Plaintiffs on the federal claims based on the evidence that was presented on summary judgment. Therefore, we deny Plaintiffs' motion for reconsideration in its entirety.

### II. Bill of Costs

Defendants, as prevailing parties, filed a bill of costs and an accompanying motion for an award of costs pursuant to Rule 54(d) ("Motion") seeking a total sum of $1,658.76. The court gave Plaintiffs until February 9, 2009, to file an objection to Defendants' bill of costs and Plaintiffs have not filed any objection to Defendants' bill of costs. On February 3, 2009, Defendants filed a separate document titled as a memorandum in support of their bill of costs ("Memorandum"). However,

Defendants' Memorandum states that Defendants omitted the cost of one deposition transcript totalling an additional amount of $132.60 in their original bill of costs. Defendants did not, however, file an amended bill of costs. In Defendants' Memorandum, Defendants seek a revised total of $1,791.36 in costs. The Seventh Circuit has made it clear that in reviewing a bill of costs, the district court should keep in mind that "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

### A. Transcript Costs

Defendants indicate on their bill of costs that they are seeking a total of $1,649.76 in costs for necessary deposition transcripts. We note that this amount is inconsistent with Defendants' Motion in which Defendants indicate that they were, in fact, initially seeking only a total of $1,567.21 for the depositions of five witnesses. The documentation submitted by Defendants in support of their bill of costs indicates that Defendants made the following expenditures for transcripts: (1) $1,056.66 for Gholson's deposition, (2) $141.00 for Officer Nowaski's deposition, (3) $180.95 for Officer Lewis' deposition, (4) $63.45 for Officer Demik's deposition, and (5) $115.15 for Sergeant Anthony Fionda's deposition. The documentation shows that the total amount expended by Defendants for these

depositions was $1,557.21. As indicated above, Plaintiffs have not objected to Defendants' bill of costs despite the opportunity to do so. We conclude that this amount is reasonable and recoverable. *See Majeske*, 218 F.3d at 825 (stating that a prevailing party can recover costs for "trial transcripts and transcripts from other court proceedings necessarily obtained for use in the case"); *see also* L.R. 54.1(b)(stating that "the expense of any prevailing party in necessarily obtaining all or any part of a transcript for use in a case . . . shall be taxable as costs against the adverse party").

Defendants further indicate in their Memorandum, that they seek an additional $132.60 for the procurement of one additional transcript. However, pursuant to Local Rule 54.1, costs not included in a bill of costs filed within 30 days of the entry of judgment are deemed waived. L.R. 54.1(a). While courts may extend the time for filing a bill of costs, Defendants never sought an extension of time to file an amended bill of costs, nor did they, in fact, amend their bill of costs previously filed with the court. Defendants filed their Memorandum two and a half months after the court entered judgment in this case and only four business days prior to Plaintiffs' due date for responding to Defendants' original bill of costs. We find that Defendants waived the cost of the additional transcript and we decline to award Defendants the additional $132.60. Therefore, Defendants are awarded a total of $1,557.21 in costs for deposition transcripts.

### B. Witness Costs

In Defendants' Motion accompanying their bill of costs, they suggest that they are seeking $73.55 in miscellaneous costs associated with presenting witnesses for depositions. However, on Defendants' actual bill of costs, they indicate that they are not seeking any costs associated with witnesses. (B-C 1). Indeed the bill of cost form for the United States District Court for the Northern District of Illinois requires a party seeking witness costs to itemize such costs on a separate page, and Defendants have failed to itemize any witness fees or costs. (B-C 2). Therefore, we decline to award Defendants the $73.55 referenced in their Motion.

### C. Certified Copy of Disposition

Defendants seek $9.00 for costs associated with obtaining a certified statement of disposition from the Circuit Court of Cook County. Despite the opportunity to object to Defendants' request, Plaintiffs have not filed an opposition. Fees associated with the "'exemplification and copies of papers necessarily obtained for use in the case'" are considered to be taxable costs. *Rupublic Tobacco v. North Atlantic Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007)(quoting 28 U.S.C. § 1920). We find the amount requested for obtaining the certified disposition to be reasonable and recoverable and we award Defendants $9.00. Therefore, based on all of the above, Defendants are awarded $1,557.21 in costs for deposition transcripts

and $9.00 for obtaining the certified disposition for a total amount of $1,566.21 in costs.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion for reconsideration. We also grant in part and deny in part Defendants' bill of costs and award Defendants $1,566.21.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 10, 2009